UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

M-I Drilling Fluids UK Ltd.,

      Plaintiff,

  v.  **ORDER**
Civil No. 13-2385 ADM/JJG

Dynamic Air Inc. and Dynamic Air Ltda.,

      Defendants.

_____

Scott J. Pivnick, Esq., Adam D. Swain, Esq., Benn Wilson, Esq., Patrick Flinn, Esq., and David Kuklewicz, Esq., Alston & Bird LLP, Washington, DC, and Atlanta, GA; and Eric H. Chadwick, Esq., Patterson Thuente Pederson, PA, Minneapolis, MN, on behalf of Plaintiff.

Kevin P. Hickey, Esq., Carrie L. Hund, Esq., and Steven P. Aggergaard, Esq., Bassford Remele, PA, Minneapolis, MN, on behalf of Defendants.

_____

This matter is before the undersigned United States District Judge for a ruling on Plaintiff M-I Drilling Fluids UK Ltd.'s ("M-I Drilling") request for leave to file a motion for reconsideration [Docket No. 34] and for a ruling on M-I Drilling's motion to amend judgment [Docket No. 38]. Both the request and motion address the Court's February 6, 2014 Order [Docket No. 32] dismissing this action without prejudice.

On February 18, 2013, M-I Drilling requested leave to file a motion to reconsider under Local Rule 7.1(j). M-I Drilling argues the Court erred by dismissing the claims against Defendant Dynamic Air Ltda., a Brazilian company, for lack of personal jurisdiction. Defendant Dynamic Air, Inc. filed a letter in opposition to M-I Drilling's request [Docket No. 37], arguing that reinstatement of the Complaint [Docket No. 1] would be futile, and noting that M-I Drilling had itself discussed the issue of personal jurisdiction at oral argument. Dynamic Air, Inc. also argues that even if the dismissal for lack of personal jurisdiction is characterized as sua sponte, it

still does not amount to a compelling circumstance warranting reconsideration.  See D. Minn. LR 7.1(j).

On March 6, 2014, M-I Drilling moved to amend the judgment granting dismissal in this case on precisely the same grounds as its initial request.  While filing redundant requests is normally disfavored, there is some ambiguity as to whether a motion to reconsider or a motion to amend judgment is proper when a final judgment has been entered in an action.  See DuBose v. Kelly, 187 F.3d 999, 1002 n.1 (8th Cir. 1999).  DuBose held, in a footnote, that motions for reconsideration under Local Rule 7.1(j) likely apply only to pre-judgment actions by the trial court, such as an order denying summary judgment.  On the other hand, Rule 59(e) of the Federal Rules of Civil Procedure, which allows for motions to amend or alter judgment, properly applies to post-judgment motions.  Id.  The issue may be a distinction without a difference, as courts have treated the two procedural mechanisms as "functional equivalents."  See id. at 1002.  In the interests of efficiency, the Court will address M-I Drilling's motion to amend as the primary request, and deny M-I Drilling's request for leave to file a motion for reconsideration.

M-I Drilling argues the Court erred by finding, sua sponte, that it lacked personal jurisdiction over Dynamic Air Ltda.  M-I Drilling argues the Court further erred by finding M-I Drilling had failed to serve Dynamic Air Ltda., when in fact M-I Drilling is currently in the lengthy process of serving a Brazilian company.  As a result, M-I Drilling seeks the reinstatement of the Complaint [Docket No. 1].

M-I Drilling's motion to amend the judgment is granted.  The Court is not entirely persuaded that when raised or made apparent by the parties, a trial court is without the ability to dismiss a party for lack of personal jurisdiction.  Especially, as M-I Drilling concedes, when the

issue of jurisdiction was discussed at oral argument to at least some extent. In addition, as noted in the Order, the alter ego doctrine, discussed by both parties in their arguments, relates directly to issues of both liability and personal jurisdiction. Finally, regarding service on Dynamic Air Ltda., the Court holds that it did not err in stating M-I Drilling had failed to serve Dynamic Air Ltda., because, in fact, the Brazilian company has not yet been served. Nevertheless, the Court finds it appropriate, out of an abundance of caution and in the interest of fairness, to allow M-I Drilling the opportunity to continue its current efforts to serve Dynamic Air Ltda. Although this action was dismissed without prejudice, M-I Drilling states that filing a new complaint and restarting the process of serving Dynamic Air Ltda. would prove unduly inefficient. Once served, Dynamic Air Ltda. may then directly address the issue of personal jurisdiction if it so chooses.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff M-I Drilling Fluids UK Ltd.'s Motion to Amend is **GRANTED**.

2. The Court's February 6, 2014 Order [Docket No. 32] is **WITHDRAWN** as to the issue of personal jurisdiction over Dynamic Air Ltda.

3. Judgment in this matter [Docket No. 33] is **VACATED** only with respect to Dynamic Air Ltda.

4. The Clerk of Courts shall **RE-OPEN** this action and the Complaint [Docket No. 1] shall be reinstated only as to Dynamic Air Ltda.

5. Plaintiff's request for leave to file a motion to reconsider [Docket No. 34] is

**DENIED**.

BY THE COURT:


    s/Ann D. Montgomery    
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 11, 2014.